IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHARLES W. POLLOCK, JR.,

                      Petitioner,

   v.

WARDEN KEYES, F.C.I. OXFORD,

                      Respondent.

OPINION and ORDER

22-cv-388-wmc

---

      Federal prisoner Charles Pollock has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his 2013 conviction for being a felon in possession of a firearm and ammunition. Pollock contends that his conviction is invalid under the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), because the government did not prove all of the elements of the offense.

      The court construed his petition as brought under 28 U.S.C. § 2255(e)'s savings clause, directing a response from the government under this circuit's precedent allowing petitioners to invoke the savings clause under § 2241, To proceed, a petitioner must generally: (1) rely on a new case of statutory interpretation; (2) show that the new rule applies retroactively and could not have been invoked in the first § 2255 motion; and (3) show that the error is "grave enough to be deemed a miscarriage of justice, such as a conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017). However, last week, the United States Supreme Court also issued its ruling in *Jones v. Hendrix*, 599 U.S. ___, (June 22, 2023) (slip op.), which eliminated § 2255(e) review for federal prisoners seeking to enforce a new interpretation of a criminal statute. Thus, that

ruling forecloses Pollack from relief in this proceeding, and the court must deny his petition.

Under Rule 11 of the Rules Governing Section 2255 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. A certificate of appealability will not issue unless Pollock makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires him to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Because reasonable jurists would not debate that Pollock may not bring a *Rehaif* claim under § 2255, the court will not issue him a certificate of appealability.

ORDER

IT IS ORDERED that:

1. Petitioner Charles Pollock's petition under § 2241 is DENIED.

2. The clerk of court is directed to enter judgment for respondent and close this case.

3. Petitioner is DENIED a certificate of appealability. If petitioner wishes, he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Entered 6th day of July, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge